UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MICHAEL MARTIN,<br>Defendant. | Case No. 14-cr-00093-JSW-5<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 397 |

On February 4, 2016, a jury convicted Michael Martin of one count of conspiring to commit robbery affecting interstate commerce, in violation of 18 U.S.C. section 1951(a) ("Hobbs Act robbery") ("Count 1"), and four counts of committing Hobbs Act robbery (Counts 3, 4, 5, and 6). On June 23, 2016, prior to sentencing, trial counsel moved to withdraw, and the Court granted that motion. (*See* Dkt. Nos. 248, 249, 252, 266.) New counsel was appointed and represented Martin at sentencing. (Dkt. No. 271.)

On December 6, 2016, the Court sentenced Martin to total term of imprisonment of 370 months, which consisted of a term of 240 months on Count 1 and a term of 130 months on each of Counts 3, 4, 5, and 6. The terms on Counts 3, 4, 5, and 6 were to be served concurrently to each other and consecutively to Count 1. On December 8, 2016, Martin appealed his conviction and sentence. On May 1, 2018, the United States Court of Appeals for the Ninth Circuit affirmed. (*See* Dkt. No. 317.)

On March 16, 2020, Martin, acting *pro se*, filed a motion to vacate his sentence pursuant to 28 U.S.C. section 2255. In that motion, he asserts equitable tolling applies and argues trial counsel was ineffective because he failed to correctly advise Martin of the maximum possible sentence he could receive if he proceeded to trial. Martin asserts that he would not have

proceeded to trial and would have accepted a plea offer from the Government had he known what the maximum possible sentence could be.

> A prisoner in custody underسسsentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

22 U.S.C. § 2255.

A hearing is required "whenever the record does not affirmatively manifest the factual or legal invalidity of the [movant's] claims." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982) (citation omitted). "A hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (citations omitted).

The Court finds Martin's claim for ineffective assistance, when liberally construed, appears to be colorable and warrants a response from the Government. Martin has asked that counsel be appointed to represent him on this motion. The Court reserves ruling on that issue.

Accordingly, for the foregoing reasons and for good cause shown:

1. The Government shall file with the Court and serve on Martin, within 45 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the Court should not "vacate, set aside or correct the sentence" being served by Martin.

//

//

//

2. If Martin wishes to respond to the answer, he shall do so by filing a reply with the Court and serving it on the Government within 45 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: April 14, 2020

_____
JEFFREY S. WHITE
United States District Judge